■ STEVEN B. FISHBERGER et al., Appellants, v CHRISTIAN H. Voss et al., Respondents. [858 NYS2d 257]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 9, 2007, as granted that branch of the motion of the defendants Christian H. Voss and Sally Voss which was, in effect, to dismiss the fifth cause of action in the amended complaint pursuant to CPLR 3211 (a) (7), and (2) from an order of the same court entered December 12, 2007 which denied their motion for leave to reargue.

Ordered that the appeal from the order entered December 12, 2007 is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order entered April 9, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Houlihan Lawrence, Inc.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must afford the complaint a liberal construction, accept all facts as alleged in the complaint to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). However, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff "has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275 [1977]).

In support of the fifth cause of action in the amended complaint, the plaintiffs alleged, inter alia, that a particular condition affecting certain property they contracted to purchase "was not reasonably discoverable by" them. However, certain evidentiary material submitted on the motion to dismiss demonstrated, without significant dispute, that the condition could, in fact, have been discovered by the plaintiffs through the exercise of reasonable diligence. Under these circumstances, the Supreme Court properly granted that branch of the motion which was to dismiss the fifth cause of action (*see Illions v Allstate Ins. Co.,* 2 AD3d 686, 686-687 [2003]; *Columbo v Chase Manhattan Automotive Fin. Corp.,* 297 AD2d 327, 328 [2002]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.