■ ALEXANDER BREYTMAN, Appellant, v OLINVILLE REALTY, LLC, et al., Respondents. [864 NYS2d 70]—In an action, inter alia, to recover damages for personal injuries and breach of implied warranty of habitability, the plaintiff appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Ruditzky, J.), dated October 20, 2006, which, among other things, granted the defendants' motion to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (7), (2) from an order of same court (Held, J.), dated March 1, 2007, which, among other things, granted, in effect, the renewed motion of the defendants Olinville Realty, LLC, Olinville Realty Co., LLC, Olinville Realty, Weiner Realtors, Weiner Realty, LLC, Weiner Realty, Joel Weiner, Harry Hirsh, Donna Fabrizio, Effie Galato, "Forester," Sadat Rugova, and Bronx Pinnacle, LLC, to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7), and (3) from an order of the same court (Held, J.), also dated March 1, 2007, which granted the motion of the defendants Rappaport, Hertz, Cherson and Rosenthal, P.C., and John Robalino to dismiss the amended complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7) and (8).

Ordered that the order dated October 20, 2006, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the first order dated March 1, 2007, is modified, on the law, by deleting the provision thereof granting that branch of the, in effect, renewed motion of the defendants Olinville Realty, LLC, Olinville Realty Co., LLC, Olinville Realty, Weiner Realtors, Weiner Realty, LLC, Weiner Realty, Joel Weiner, Harry Hirsh, Donna Fabrizio, Effie Galato, "Forester," Sadat Rugova, and Bronx Pinnacle, LLC, which was to dismiss the cause of action in the amended complaint to recover damages for negligence causing personal injuries insofar as asserted against the defendant Olinville Realty, LLC, and substituting therefor a provision denying that branch of the, in effect, renewed motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the second order dated March 1, 2007, granting the motion of the defendants Rappaport, Hertz, Cherson and Rosenthal, P.C., and John Robalino to dismiss the amended complaint insofar as asserted against them, is affirmed, without costs or disbursements.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as al-

leged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]). However, bare legal conclusions are not presumed to be true, nor are they accorded every favorable inference (*see Morris v Morris*, 306 AD2d 449, 451 [2003]; *Doria v Masucci*, 230 AD2d 764, 765 [1996]). The Supreme Court was correct in dismissing the plaintiff's cause of action alleging breach of the implied warranty of habitability, asserted in the amended complaint, since the facts as alleged did not fit within any cognizable legal theory.

However, contrary to the Supreme Court's determination, the amended complaint sufficiently alleged a cause of action against the defendant Olinville Realty, LLC, the plaintiff's landlord, to recover damages for personal injuries caused by that defendant's negligence. The plaintiff alleged that on January 26, 2003, he suffered physical injuries when a portion of a wall in his apartment fell on him. When accepting all the facts as alleged in the amended complaint to be true and allowing the plaintiff the benefit of every possible inference, the facts as alleged fit within a cognizable legal theory.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.