■ MARKUS GLUCK et al., Appellants, v JAMES M. NEBGEN et al., Defendants, and NILT, INC., Respondent. [898 NYS2d 881]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Mayer, J.), entered April 17, 2009, which granted that branch of the motion of the defendant NILT, Inc., which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and denied their cross motion for summary judgment dismissing the seventh affirmative defense asserted by that defendant alleging that the action is barred by 49 USC § 30106 (the Graves Amendment), and (2) a judgment of the same court entered May 5, 2009, which, upon the order, is in favor of the defendant NILT, Inc., and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant NILT, Inc.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the motion of the defendant NILT, Inc. (hereinafter the respondent), which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7). The respondent showed that it was an "owner (or an affiliate of the owner) . . . engaged in the trade or business of renting or leasing motor vehicles" (49 USC § 30106 [a] [1]). Since there are no allegations of negligence or wrongdoing on its part, the respondent was entitled to dismissal of the complaint insofar as asserted against it for failure to state a cause of action (*see* 49 USC § 30106; *Graham v*

*Dunkley*, 50 AD3d 55, 58 [2008]). The plaintiffs' cross motion also was properly denied.

The plaintiffs' remaining contention is without merit (*see Graham v Dunkley*, 50 AD3d at 58). Rivera, J.P., Dillon, Florio and Balkin, JJ., concur.