■ DENYCE NORMENT, Respondent, v INTERFAITH CENTER OF NEW YORK et al., Appellants, et al., Defendants. [951 NYS2d 531]—

In an action to recover damages for malicious prosecution, the defendants Interfaith Center of New York, James Parks Morton, Mary Jane Brock, Rebecca Tekula, Matthew Weiner, and Sara Litt appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 6, 2011, which denied their motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7) and additionally insofar as asserted against the defendant Mary Jane Brock pursuant to CPLR 3211 (a) (11), and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

A motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Suchmacher v Manana Grocery*, 73 AD3d 1017 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). In order to be considered documentary evidence within the meaning of CPLR 3211 (a) (1), the evidence "must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d at 86), that is, it must be "essentially unassailable" (*Suchmacher v Manana Grocery*, 73 AD3d at 1017). Here, the written recommendation of the New York County District Attorney's Office (hereinafter the District Attorney's Office) to dismiss the crimi-

nal charge against the plaintiff was akin to an affidavit and, thus, does not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]). In order to recover damages for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced or initiated by the defendant; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Lupski v County of Nassau*, 32 AD3d 997, 998 [2006]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 286 [2003]). Here, the plaintiff's allegations that the defendants Interfaith Center of New York, James Parks Morton, Mary Jane Brock, Rebecca Tekula, Matthew Weiner, and Sara Litt (hereinafter collectively the defendants) initiated a criminal proceeding against her without probable cause and with actual malice, and that it was terminated in her favor, were not refuted by the recommendation of the District Attorney's Office such that it can be said that the allegations were not facts at all (*see Guggenheimer v Ginzburg*, 43 NY2d at 275).

Contrary to the defendants' contention, there is a reasonable probability that the plaintiff can prove that the defendant Brock was grossly negligent or intended to cause her harm and, thus, Brock is not entitled to the qualified immunity of Not-For-Profit Corporation Law § 720-a (*see* CPLR 3211 [a] [11]; *Well v Yeshiva Rambam*, 300 AD2d 580, 581 [2002]).

The defendants' remaining contention concerning the denial of their motion is without merit.

Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7) and insofar as asserted against Brock pursuant to CPLR 3211 (a) (11).

The Supreme Court properly granted the plaintiff's cross motion for leave to amend the complaint, as the amendment did not result in any prejudice or surprise and was not palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Ramos v Baker*, 91 AD3d 930, 932 [2012]). Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.