In an action to recover damages for personal injuries, the defendant MMCA Lease, Ltd., appeals from an order of the Supreme Court, Queens County (Butler, J.), entered January 6, 2012, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant MMCA Lease, Ltd., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted.
On December 12, 2010, at the intersection of West 54th Street and 9th Avenue in Manhattan, the plaintiff was operating a motor vehicle when it allegedly was struck by a motor vehicle operated by Sharon Rodriguez and owned by the defendant MMCA Lease, Ltd. (hereinafter MMCA). Following the commencement of this action, MMCA moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that it is entitled to the protection of the Graves Amendment (49 USC § 30106) and, therefore, could not be held vicariously liable for Rodriguez’s allegedly negligent operation of the leased vehicle based solely on its ownership of the vehicle. The Supreme Court denied the motion.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). However, bare legal conclusions are not presumed to be true (see Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020, 1021 [2007]; Mayer v Sanders, 264 AD2d 827, 828 [1999]). Moreover, where eviden *834 tiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Fishberger v Voss, 51 AD3d 627, 628 [2008]).
Under the Graves Amendment, in order for recovery to be barred, the owner, or an affiliate of the owner, must be engaged in the trade or business of renting or leasing motor vehicles, and the owner, or its affiliate, must not be negligent (see Graham v Dunkley, 50 AD3d 55, 57-58 [2008]).
Here, MMCA showed that it was the owner of the subject vehicle and was engaged in the business of renting or leasing motor vehicles (see Gluck v Nebgen, 72 AD3d 1023 [2010]). Additionally, to the extent that the plaintiff’s claim that MMCA negligently maintained the subject vehicle was supported by factual allegations, MMCA established that they were not facts at all through its submissions showing that it did not engage in the repair and maintenance of the vehicles it leases and that it was the sole responsibility of the lessee, Rodriguez, to maintain the subject vehicle (see Guggenheimer v Ginzburg, 43 NY2d at 275; see also Gluck v Nebgen, 72 AD3d at 1023).
Accordingly, the Supreme Court should have granted MMCA’s motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Mastro, J.R, Rivera, Chambers and Lott, JJ., concur.