OPINION OF THE COURT
Robert J. McDonald, J.
On May 17, 2013, plaintiff, Wanda Moultrie Clarke, was involved in a motor vehicle accident with a vehicle operated by the defendant, Ari Hirt, which was owned by and leased through defendant, Toyota Lease Trust (TLT). The accident took place in the parking lot of Lexus of Rockville Centre located at 700 Sunrise Highway, Rockville Centre, New York. At the time of the accident the plaintiff had brought her vehicle to the dealership for servicing and was walking in the parking lot. The complaint alleges that Ari Hirt, also a customer of the dealership, was driving and backing his motor vehicle out of a parking lot space at the Lexus dealership when he suddenly drove the vehicle into the plaintiff, catching her pocketbook strap on his side view mirror and dragged the plaintiff onto her vehicle. Plaintiff alleges that as a result of the accident she sustained serious injuries including a left shoulder labral tear and a left shoulder partial rotator tear requiring arthroscopic surgery.
Plaintiff commenced this action by way of a summons and complaint filed on November 8, 2013 to recover damages for personal injuries allegedly sustained in the subject motor vehicle accident. An amended verified complaint was served on March 4, 2014. Plaintiff alleges negligence as against defendant Ari Hirt in the operation of his vehicle. The basis for a claim against TLT is Vehicle and Traffic Law § 388, which imposes vicarious liability upon the lessor of a vehicle for the negligence of the driver. The plaintiff has also alleged a claim of negligent maintenance against TLT and negligently entrusting maintenance of the vehicle to Lexus of Rockville Centre. The complaint also alleges that Lexus of Rockville Centre and TLT failed to provide a valet service to the plaintiff and were negligent in failing to bring her car to her at the automobile dealership.
*573 Defendants Ari and Ann Hirt served an amended verified answer dated April 18, 2014. Defendant Massapequa Imports LLC joined issue by serving its verified answer to the amended verified complaint on June 26, 2014. On May 20, 2014, TLT served a verified answer to the amended verified complaint which included the affirmative defense of failure to state a cause of action based upon 49 USC § 30106, the Graves Amendment.
Defendant TLT now moves, prior to depositions, for an order dismissing the complaint against it, pursuant to CPLR 3211 (a) (7) alleging that under the Federal Transportation Equity Act of 2005 (49 USC § 30106), commonly known as the “Graves Amendment,” a leasing/rental company vehicle owner cannot be held to be vicariously liable for the alleged negligent acts of the renter, its employees or agents. TLT asserts that the Graves Amendment preempts Vehicle and Traffic Law § 388.
In support of its motion, TLT submits a copy of the pleadings, a copy of the lease agreement between Ari Hirt and Lexus of Rockville Centre dated April 21, 2013; a copy of the title of the subject vehicle, a 2013 Lexus 300, dated June 14, 2013, showing that title is in the name of Toyota Lease Trust; an affidavit dated June 27, 2014 from Dion Bryce-Wells, the Lease Collections Manager for Toyota Motor Credit Corporation, a servicer for TLT; a notice to admit served on Ari Hirt; and an agreement for valet parking services between Classic Valet Parking Inc. and Lexus of Rockville Centre.
In his affidavit, Dion Bryce-Wells states that he is the lease collections manager for Toyota Motor Credit Corporation, a servicer for Toyota Lease Trust. He states that on April 21, 2013, Ari David Hirt entered into a 36-month lease agreement with Lexus of Rockville Centre, an authorized Toyota dealership located at 700 Sunrise Highway, Rockville Centre, New York, for the lease of a 2013 Lexus ES300H. The lease was assigned from the dealership to TLT. Upon assignment of the lease agreement, TLT obtained title ownership of the leased vehicle. Mr. Bryce-Wells states that the lease was in full force and effect on May 17, 2013 the date of the subject accident. He states that TLT does not engage in maintenance or inspection of vehicles leased through the authorized Toyota dealership. The lessee is responsible for repairing and maintaining the leased vehicle. Further, it is the dealership and not TLT that has contracted to provide a valet service for customers when on the premises of the dealership.
In his affirmation in support of the motion, TLT’s counsel, Clifford B. Aaron, Esq., states that pursuant to the Graves *574 Amendment, which preempts Vehicle and Traffic Law § 388 as TLT was a rental company, TLT is not vicariously liable under Vehicle and Traffic Law § 388 and, therefore, the complaint fails to state a cause of action. Further it is stated that defendant Hirt has not responded to TLT’s notice to admit requesting him to admit, inter alia, that he entered into a lease agreement for the vehicle at issue.
In opposition, plaintiffs counsel, Herman Israel Fleischman, Esq., states that discovery has not yet been completed and since it was less than one month since Hirt leased his vehicle it has yet to be determined if there was a manufacturing or maintenance defect with the vehicle. Counsel claims that defendant has not clearly shown that it is entitled to the protection of the Graves Amendment at this time as there are two exceptions to the protection of the act including failure to maintain the vehicle and negligence or criminal wrongdoing on the part of the defendant. The plaintiff avers that because there is a claim of negligent maintenance asserted against TLT that the Graves Amendment does not apply. Plaintiff argues that TLT has not demonstrated that it is entitled to the protection of the Graves Amendment as it has not shown that TLT was not negligent in maintaining the vehicle and has not shown the absence of negligence or wrongdoing on its part. Counsel claims that TLT has not responded to plaintiffs notices to produce further discovery. Further it is claimed that depositions have not yet been held and therefore the motion is premature.
The Graves Amendment, regarding rented or leased motor vehicle safety and responsibility, bars vicarious liability actions against professional lessors and renters of vehicles, as would otherwise be permitted under Vehicle and Traffic Law § 388 (see Gluck v Nebgen, 72 AD3d 1023 [2d Dept 2010]; Graham v Dunkley, 50 AD3d 55 [2d Dept 2008]; Hernandez v Sanchez, 40 AD3d 446 [1st Dept 2007]).
However, the courts have held in this regard that although the Graves Amendment bars negligence claims against car-rental companies based solely on a theory of vicarious liability (see Graham v Dunkley; Hernandez v Sanchez), a claim based upon negligent maintenance is not barred by the Graves Amendment since the statute does not absolve leasing companies of their own negligence (see Collazo v MTA-New York City Tr., 74 AD3d 642 [1st Dept 2010]; Novovic v Greyhound Lines, Inc., 2008 WL 5000228, 2008 US Dist LEXIS 94176 [ED NY, Nov. 19, 2008, No. CV-08-3190 (CPS)]).
*575 The Transportation Equity Act of 2005 (49 USC § 30106) provides in pertinent part:
“§ 30106. Rented or leased motor vehicle safety and responsibility.
“(a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
“(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
“(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).”
The plaintiff contends that as the complaint states that defendant was negligent in the ownership, management and maintenance of its motor vehicle and as TLT failed to present any evidence that it maintained its vehicle in a non-negligent manner, TLT has failed to make a prima facie showing that the claim for negligent maintenance does not survive.
Upon review and consideration of the defendant’s motion, the plaintiffs affirmation in opposition and the defendants’ reply thereto this court finds as follows:
It has now been determined that the Graves Amendment preempts all state statutes to the extent they hold those owners in the business of renting or leasing motor vehicles vicariously liable for the negligence of drivers, except when there is negligence or criminal wrongdoing on the part of the owner.
There is no dispute that TLT is a leasing company and therefore cannot be held liable as a lessor of the vehicle in question. The only remaining issue is whether the plaintiff, by alleging improper maintenance in the complaint, has raised a question of fact as to whether TLT can still be held liable for failure to properly maintain the vehicle involved in the accident. It has been held in this regard that absent some evidence of a lessor’s failure to properly maintain a vehicle which it has expressly agreed to maintain pursuant to a lease agreement, or some similar active negligence on the part of the lessor, section 30106 (a) *576 (2) the negligence clause, is rarely applicable and should be cautiously applied in light of Congress’ clear intent to forestall suits against vehicle leasing companies (see Dubose v Transport Enter. Leasing, LLC, 2009 WL 210724, 2009 US Dist LEXIS 5693 [MD Fla, Jan. 27, 2009, No. 6:08-CV-385-Orl-31DAB]; cf. Terranova v Waheed Brokerage, Inc., 78 AD3d 1040 [2d Dept 2010] ; Collazo v MTA-New York City Tr., 74 AD3d 642 [1st Dept 2010]).
Thus, although a claim of negligent maintenance can survive the Graves Amendment, here the defendant submitted evidence showing that under the lease agreement the lessee is solely responsible for the maintenance of the vehicle during the term of the lease.
The plaintiffs hope that further discovery would reveal the existence of triable issues of fact regarding maintenance of the vehicle, negligent leasing, or active negligence on the part of TLT is insufficient to delay determination of the motion (see Talon Air, Inc. v Kevin Francis Madden, 80 AD3d 746 [2d Dept 2011] ). The plaintiff failed to offer an evidentiary basis to suggest that further discovery may lead to relevant evidence (see Woodard v Thomas, 77 AD3d 738 [2d Dept 2010]).
Therefore, the defense motion to dismiss the plaintiffs claims and all cross claims and counter claims if any, based solely on vicarious liability against the defendant, is granted pursuant to CPLR 3211 (a) (2), (7) as those claims fail to state a cause of action (see Gluck v Nebgen, 72 AD3d 1023 [2d Dept 2010]).
Accordingly, it is hereby, ordered, that the Clerk of Court is directed to enter judgment in favor of defendant, Toyota Lease Trust dismissing the complaint as to defendant Toyota Lease Trust only.