■ Linda D. Misek-Falkoff, Appellant, v USAlliance Federal Credit Union et al., Respondents. [998 NYS2d 395]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 25, 2012, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, and (2) an order of the same court, also dated June 25, 2012, which denied her separate motions,

inter alia, pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Affina Brokerage Services and Rose Ruggerio.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly concluded that the plaintiff, Linda D. Misek-Falkoff, has no authority to commence this action on behalf of her late husband, Adin D. Falkoff. Pursuant to Estates, Powers and Trusts Law § 11-1.1 (b) (13), only a court-appointed fiduciary has the power to contest, compromise, or otherwise settle a claim in favor of an estate. Therefore, the Supreme Court properly directed the dismissal, pursuant to CPLR 3211 (a) (3), of so much of the complaint as was asserted on behalf of Adin D. Falkoff.

To the extent that the plaintiff asserted causes of action on her own behalf, certain loan agreements conclusively established a defense to those causes of action and, thus, dismissal of those portions of the complaint was appropriate pursuant to CPLR 3211 (a) (1). The documentary evidence submitted by the defendants demonstrated that they acted within the terms of the loan agreements when, after a default in payments, they sold the shares of stock pledged as collateral in order to satisfy the loans. Accordingly, since the defendants acted within the terms of the loan agreements, this documentary evidence conclusively established a defense to the causes of action asserted by the plaintiff in her individual capacity (see CPLR 3211 [a] [1]; *Fontanetta v John Doe 1*, 73 AD3d 78 [2010]; *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383 [2002]).

Additionally, to the extent that certain causes of action alleged that the defendants improperly refused to give the plaintiff information about the stock sales, dismissal was also warranted pursuant to CPLR 3211 (a) (7) for failure to state a cause of action (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Fishberger v Voss*, 51 AD3d 627 [2008]).

The Supreme Court also properly directed the dismissal of the complaint insofar as asserted against the defendants Affina Brokerage Services and Rosa Ruggerio pursuant to CPLR 3211 (a) (8), since those defendants were not properly served with process.

The Supreme Court correctly denied the plaintiff's motions as improperly made (see CPLR 2214, 2215).

In light of our determination, we need not reach the plaintiff's remaining contentions. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.