■ JUDITH HALLWOOD et al., Respondents, v INCORPORATED VILLAGE OF OLD WESTBURY et al., Appellants, et al., Defendants. [10 NYS3d 899]—In an action to recover damages for personal injuries, etc., the defendants the Incorporated Village of Old Westbury and the Incorporated Village of Old Westbury Highway Department appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 23, 2014, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as al-

leged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). Where, as here, evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]).

Contrary to the appellants' contention, the Supreme Court properly denied their motion to dismiss the complaint insofar as asserted against them, as the affidavit they submitted in support did not "establish conclusively" that the plaintiffs have no cause of action (*Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008] [internal quotation marks omitted]; *see Bodden v Kean*, 86 AD3d 524, 526 [2011]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]).

The appellants' remaining contention is without merit. Mastro, J.P., Chambers, Roman and LaSalle, JJ., concur.