■ Robert Cahill, Appellant, v State of New York Stony Brook University Hospital, Also Known as Stony Brook Medical Center, et al., Respondents. [31 NYS3d 553]—

In an action to recover damages for discrimination on the basis of age, sex, disability, and a hostile work environment in violation of Executive Law § 296, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated November 10, 2014, which, upon an order of the same court dated May 30, 2013, granting the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the cause of action alleging hostile work environment and so much of the cause of action alleging disability discrimination as was predicated on adverse employment actions that took place after August 17, 2009; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the cause of action alleging hostile work environment and so much of the cause of action alleging disability discrimination as was predicated on adverse employment actions that took place after August 17, 2009, are denied, the cause of action alleging hostile work environment and so much of the cause of action alleging disability discrimination as was predicated on adverse employment actions that took place after August 17, 2009, are reinstated and severed, and the order is modified accordingly.

On August 17, 2012, the plaintiff, an employee of the defendant State of New York Stony Brook University Hospital, also known as Stony Brook Medical Center, commenced this action to recover damages for discrimination on the basis of age, sex, disability, and a hostile work environment in violation of Executive Law § 296. The defendants moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint. The Supreme Court granted the motion. We modify.

Causes of action alleging violations of Executive Law § 296 are governed by a three-year statute of limitations (see CPLR 214 [2]; *Koerner v State of N.Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 447 [1984]; *Kwarren v American Airlines*, 303 AD2d 722 [2003]). While a cause of action alleging discrimination on the basis of discrete adverse employment actions is timely only to the extent that the adverse employment actions took place within the statute of limitations period, a cause of action alleging hostile work environment is timely so long as one act contributing to the cause of action occurred within the statute of limitations period (see *National Railroad Passenger Corporation v Morgan*, 536 US 101, 114, 117 [2002]).

Here, the cause of action alleging hostile work environment was timely. However, so much of the causes of action alleging age, sex, and disability discrimination as were predicated on adverse employment actions that took place prior to August 17, 2009, were time-barred (see CPLR 3211 [a] [5]).

With respect to so much of the causes of action alleging age, sex, and disability discrimination as were predicated on adverse employment actions that took place after August 17, 2009, on a motion to dismiss pursuant to CPLR 3211 (a) (7), a

court "must accept as true the facts as alleged in the complaint . . . , accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012] [internal quotation marks omitted]). However, " 'bare legal conclusions are not presumed to be true' " (*Barker v Amorini*, 121 AD3d 823, 824 [2014], quoting *Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 833 [2012]). Here, the plaintiff failed to allege facts that could give rise to an inference that the subject adverse employment actions occurred as a result of discrimination on the basis of age or sex (*see Llanos v City of New York*, 129 AD3d 620 [2015]; *Askin v Department of Educ. of the City of N.Y.*, 110 AD3d 621, 622 [2013]; *Scarfone v Village of Ossining*, 23 AD3d 540, 541 [2005]; *Vanscoy v Namic USA Corp.*, 234 AD2d 680, 682 [1996]). However, the plaintiff alleged facts that could give rise to an inference that the subject adverse employment actions occurred as a result of discrimination on the basis of disability (*see Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 834 [2014]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Kulaya v Dunbar Armored, Inc.*, 110 AD3d 772 [2013]). Further, the plaintiff sufficiently alleged a cause of action to recover damages for a hostile work environment (*see Harris v Forklift Systems, Inc.*, 510 US 17, 21-23 [1993]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 310-311; *Chiara v Town of New Castle*, 126 AD3d 111, 125 [2015]).

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the causes of action alleging age and sex discrimination and so much of the cause of action alleging disability discrimination as was predicated on adverse employment actions that took place prior to August 17, 2009. However, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss the cause of action alleging hostile work environment and so much of the cause of action alleging disability discrimination as was predicated on adverse employment actions that took place after August 17, 2009. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.