■ WAND, POWERS & GOODY, LLP, Respondent/Counterclaim Defendant-Respondent, v MARIE YULIANO, Defendant/Counterclaim Plaintiff-Appellant. [42 NYS3d 229]—

In an action to recover unpaid legal fees, in which the defendant counterclaimed to recover damages for legal malpractice, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Mayer, J.), entered August 27, 2014, which, upon an order of the same court dated July 28, 2014, granting those branches of the plaintiff's motion which were for summary judgment on the complaint and pursuant to CPLR 3211 (a) (7) to dismiss the counterclaim, is in favor of the plaintiff and against her in the total sum of $90,043.26, and dismissed the counterclaim.

Ordered that the judgment is modified, on they law, by deleting the provision thereof awarding the plaintiff the total sum of $90,043.26; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment on the complaint is denied, and the order dated July 28, 2014, is modified accordingly.

The defendant retained the plaintiff law firm to represent her in a matrimonial action. The Supreme Court granted the plaintiff's pretrial motion to be relieved as the defendant's counsel. The plaintiff commenced the instant action to recover its unpaid legal fees in the underlying matrimonial action based on a theory of an account stated. The defendant asserted a counterclaim to recover damages for legal malpractice.

The Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the complaint by

establishing that it regularly tendered invoices for services rendered to the defendant and that the defendant either signed off on the invoices or failed to timely object to them (*see Landa v Blocker*, 87 AD3d 719, 721 [2011]). Nonetheless, in opposition, the defendant submitted an affidavit in which she asserted that she only signed the invoices because she was told that, if she did not sign, no work would be done on her case. This assertion was sufficient to raise a triable issue of fact as to whether the defendant acquiesced in the correctness of the invoices (*see id.* at 721).

However, the Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim to recover damages for legal malpractice. On a motion to dismiss a counterclaim pursuant to CPLR 3211 (a) (7), a court must accept as true the facts as alleged in the pleading, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2012]). However, bare legal conclusions are not presumed to be true (*see Barker v Amorini*, 121 AD3d 823, 824 [2014]; *Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 833 [2012]). Moreover, where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 834 [2012]).

Here, the plaintiff established that the defendant did not have a viable cause of action to recover damages for legal malpractice, as her bare legal assertion that she was precluded from introducing certain evidence during the underlying matrimonial trial because the plaintiff negligently failed to respond to any of the discovery demands made by her former husband is belied by the record, which shows that the defendant's former husband was provided with responsive documents during her deposition (*see Cahill v State of N.Y. Stony Brook Univ. Hosp.*, 139 AD3d 779, 781 [2016]; *Khan v MMCA Lease, Ltd.*, 100 AD3d at 833). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.