■ SERGEI AVIAEV, Respondent, v NISSAN INFINITI LT, Appellant, et al., Defendants. [55 NYS3d 297]—

In an action to recover damages for personal injuries, the defendant Nissan Infiniti LT appeals from an order of the Supreme Court, Kings County (Toussaint, J.), entered March 11, 2016, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Nissan Infiniti LT pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted.

On October 3, 2014, at the intersection of Ocean Parkway and Avenue J in Brooklyn, the plaintiff allegedly sustained personal injuries when the vehicle he was operating collided with a vehicle operated by the defendant Sol B. Antar, leased by Sol B. Antar and the defendant Robert Antar, and owned by the defendant Nissan Infiniti LT (hereinafter Nissan LT). Following the commencement of this action, Nissan LT moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that it is entitled to the protection of the Graves Amendment (49 USC § 30106) and, therefore, could not be held vicariously liable for Sol B. Antar's allegedly negligent operation of the leased vehicle based solely on its ownership of the vehicle. The Supreme Court denied the motion.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit

of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). However, bare legal conclusions are not presumed to be true (*see Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021 [2007]; *Mayer v Sanders*, 264 AD2d 827, 828 [1999]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]).

Under the Graves Amendment, in order for recovery to be barred, the owner, or an affiliate of the owner, must be engaged in the trade or business of renting or leasing motor vehicles, and the owner, or its affiliate, must not be negligent (*see Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 834 [2012]; *Graham v Dunkley*, 50 AD3d 55, 57-58 [2008]).

Here, Nissan LT showed that it was the owner of the subject vehicle and engaged in the business of renting or leasing motor vehicles (*see Gluck v Nebgen*, 72 AD3d 1023 [2010]). Additionally, to the extent that the plaintiff's claim that Nissan LT negligently maintained the subject vehicle was supported by factual allegations, Nissan LT established that the alleged facts were not facts at all through its submissions showing that it did not engage in the repair and maintenance of the vehicles it leases (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *see also Khan v MMCA Lease, Ltd.*, 100 AD3d at 834; *Gluck v Nebgen*, 72 AD3d at 1023).

Accordingly, the Supreme Court should have granted Nissan LT's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.