(May 17, 2017)

■ SYLVERA ANTOINE, Respondent, v ANRIE KALANDRISHVILI, Defendant, and NISSAN INFINITI LT, Appellant. [56 NYS3d 142]—

In an action to recover damages for personal injuries, the defendant Nissan Infiniti LT appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 11, 2016, as denied that branch of its motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Nissan Infiniti LT pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against it is granted.

On October 15, 2014, on Utica Avenue at or near its intersection with Clarkson Avenue in Brooklyn, the plaintiff allegedly sustained personal injuries when the vehicle he was operating collided with a vehicle operated by the defendant Anrie Kalandrishvili and owned by the defendant Nissan Infiniti LT (hereinafter Nissan LT). Following the commencement of this action, Nissan LT moved pursuant to CPLR 3211 (a) (7), inter alia, to dismiss the complaint insofar as asserted against it on the ground that it is entitled to the protection of the Graves Amendment (49 USC § 30106), and, therefore, could not be held vicariously liable for Kalandrishvili's allegedly negligent operation of the leased vehicle based solely on its ownership of the vehicle. The Supreme Court denied the motion.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]). However, bare legal conclusions are not presumed to be true (*see Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021 [2007]; *Mayer v Sanders*, 264 AD2d 827, 828 [1999]). Moreover, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the

question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]).

Under the Graves Amendment, in order for recovery to be barred, the owner, or an affiliate of the owner, must be engaged in the trade or business of renting or leasing motor vehicles, and the owner, or its affiliate, must not be negligent (*see Khan v MMCA Lease, Ltd.*, 100 AD3d 833, 834 [2012]; *Graham v Dunkley*, 50 AD3d 55, 57-58 [2008]).

Contrary to the plaintiff's contention, Nissan LT established that it was entitled to the protection of the Graves Amendment through the affidavit of an employee of its servicing agent, Nissan Motors Acceptance Corporation. The servicing agent's employee had sufficient personal knowledge to authenticate the lease for the subject vehicle, which was annexed to her affidavit (*see Burrell v Barreiro*, 83 AD3d 984, 985 [2011]), and to demonstrate that Nissan LT was the owner of the subject vehicle and engaged in the business of renting or leasing motor vehicles (*see* 49 USC § 30106 [a] [1]; *Gluck v Nebgen*, 72 AD3d 1023 [2010]). Additionally, to the extent that the plaintiff's claim that Nissan LT negligently maintained the subject vehicle was supported by factual allegations, Nissan LT established that they were not facts at all through its submissions showing that Nissan LT did not engage in the repair and maintenance of the vehicles it leases and that it was the sole responsibility of the lessee of the subject vehicle to maintain the subject vehicle (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *see also Khan v MMCA Lease, Ltd.*, 100 AD3d at 834; *Gluck v Nebgen*, 72 AD3d at 1023).

Accordingly, the Supreme Court should have granted that branch of Nissan LT's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint insofar as asserted against it. Balkin, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.