Cukoviq v Iftikhar (2019 NY Slip Op 01057)





Cukoviq v Iftikhar


2019 NY Slip Op 01057


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-10452
 (Index No. 15005/17)

[*1]Suzana Cukoviq, respondent, 
v
Rakhshanda Iftikhar, defendant, Nissan-Infiniti LT, et al., appellants.


London Fischer LLP, New York, NY (Clifford B. Aaron and Michael B. Weiss of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Nissan-Infiniti LT and NILT, Inc., appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated September 15, 2017. The order, in effect, denied the motion of those defendants pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Nissan-Infiniti LT and NILT, Inc., pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them is granted.
On November 1, 2016, at the intersection of Narrows Road South and Richmond Road in Staten Island, the plaintiff allegedly sustained personal injuries when she was struck by a motor vehicle operated by the defendant Rakhshanda Iftikhar and owned by defendants Nissan-Infiniti LT and NILT, Inc. (hereinafter together the Nissan defendants). The plaintiff commenced this action, alleging, inter alia, that the Nissan defendants were vicariously liable for Iftikhar's alleged negligent operation and maintenance of the vehicle, which caused the accident. Thereafter, the Nissan defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them on the ground that they were entitled to the protection of the Graves Amendment (49 USC § 30106) and, therefore, could not be held vicariously liable for Iftikhar's negligence. The Supreme Court, in effect, denied the motion, and the Nissan defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Aviaev v Nissan Infiniti LT, 150 AD3d 807, 808; Baron v Galasso, 83 AD3d 626, 628). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Caliguri v JPMorgan Chase Bank, N.A., 121 [*2]AD3d 1030, 1031).
Under the Graves Amendment, in order for recovery to be barred, the owner, or an affiliate of the owner, must be engaged in the trade or business of renting or leasing motor vehicles, and the owner, or its affiliate, must not be negligent (see Antoine v Kalandrishvili, 150 AD3d 941, 942; Aviaev v Nissan Infiniti LT, 150 AD3d at 808; Khan v MMCA Lease, Ltd., 100 AD3d 833, 834).
Here, the Nissan defendants demonstrated that they were the owners of the subject vehicle and were engaged in the business of renting or leasing motor vehicles (see Aviaev v Nissan Infiniti LT, 150 AD3d at 808; Gluck v Nebgen, 72 AD3d 1023). Additionally, to the extent that the plaintiff's theory of negligent maintenance or mechanical malfunction was supported by factual allegations, the Nissan defendants established that the allegations were not facts at all through its submissions showing that the Nissan defendants never possess, inspect, repair, maintain, or service the vehicles they lease and that it was the sole responsibility of the lessee of the subject vehicle, Iftikhar, to maintain that vehicle (see Guggenheimer v Ginzburg, 43 NY2d at 275; see also Antoine v Kalandrishvili, 150 AD3d at 942; Aviaev v Nissan Infiniti LT, 150 AD3d at 808; Khan v MMCA Lease, Ltd., 100 AD3d at 834).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the Nissan defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court