Zielinski v New Jersey Tr. Corp. (2019 NY Slip Op 01821)





Zielinski v New Jersey Tr. Corp.


2019 NY Slip Op 01821


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10913
 (Index No. 709608/15)

[*1]Grzegorz Zielinski, appellant, 
v
New Jersey Transit Corporation, et al., respondents, et al., defendant.


The Platta Law Firm, PLLC, New York, NY (Brian J. Vannella of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 11, 2017. The order granted that branch of the motion of the defendants New Jersey Transit Corporation, Hudson Transit Lines, Inc., and Niurka G. Diaz which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
In January 2014, the plaintiff was injured at work when he was struck by a bus driven by the defendant Niurka G. Diaz. Both the plaintiff and Diaz were employed by the defendant Hudson Transit Lines, Inc. (hereinafter HTL), which leased the bus from the defendant New Jersey Transit Corporation (hereinafter NJT). The plaintiff applied for and received benefits under the Workers' Compensation Law. He then commenced this action against Diaz, NJT, and HTL (hereinafter collectively the transit defendants), among others. The transit defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the grounds that NJT was protected by the Graves Amendment (49 USC § 30106) and that the plaintiff's sole remedy against HTL and Diaz was pursuant to the Workers' Compensation Law. The Supreme Court granted that branch of the motion. The plaintiff appeals.
Under the Workers' Compensation Law, an employee's recovery of workers' compensation benefits is his or her exclusive remedy against his or her employer or coworkers for injuries sustained in the course of his or her employment (see Workers' Compensation Law §§ 11, 29[6]; Weiner v City of New York, 19 NY3d 852, 854; Dumervil v Port Auth. of N.Y. & N.J., 163 AD3d 628, 629; Power v Fraiser, 131 AD3d 461, 462). Here, the transit defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against HTL and Diaz through evidence demonstrating that both the plaintiff and Diaz were employees of HTL and were acting in the course of their employment at the time of the accident, and that the plaintiff had received benefits under the Workers' Compensation Law (see Dumervil v Port Auth., 163 AD3d at 629). In opposition, the plaintiff failed to raise a triable issue of fact (see id.). Contrary to the plaintiff's contention, his submissions were insufficient to raise a triable issue as to whether HTL was his employer (see Vitello v Amboy Bus Co., 83 AD3d 932, 933-934).
"Under the Graves Amendment, the owner of a leased vehicle will not be held vicariously liable for the negligent operation of that vehicle where the owner proves that it is engaged [*2]in the business of renting or leasing motor vehicles and it was not otherwise negligent" (Casine v Wesner, 165 AD3d 749, 749; see 49 USC § 30106; Graham v Dunkley, 50 AD3d 55, 58).
Here, the transit defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against NJT through affidavits and documentary evidence establishing that it was the owner of the bus, that it was engaged in the business of leasing motor vehicles, and that it was not negligent. Contrary to the plaintiff's contention, the transit defendants' submissions were sufficient to demonstrate, prima facie, that NJT did not negligently maintain the bus (see Antoine v Kalandrishvilli, 150 AD3d 941, 942; Khan v MMCA Lease Ltd., 100 AD3d 833, 834). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the terms of the lease agreement between NJT and HTL did not present a question as to whether HTL was NJT's affiliate within the meaning of the Graves Amendment such that NJT could be responsible for negligence on HTL's part (see 49 USC § 30106[d][1]).
There is no merit to the plaintiff's contention that the transit defendants' motion for summary judgment was premature. The plaintiff failed to show that additional discovery might lead to relevant evidence or that facts essential to oppose the motion were exclusively within the transit defendants' knowledge and control (see CPLR 3212[f]; Merritt Constr., Inc. v Town of Kent, 164 AD3d 490, 492).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the transit defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court