Shahid v Dechert, LLP (2019 NY Slip Op 04744)





Shahid v Dechert, LLP


2019 NY Slip Op 04744


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10775
 (Index No. 4/17)

[*1]Abdus Shahid, appellant,
v
Dechert, LLP, respondent.


Abdus Shahid, Brooklyn, NY, appellant pro se.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), entered August 25, 2017. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, alleging in the complaint that the defendant law firm "intentionally violated Government rule and represented one squatter and two occupants of plaintiff's property who has extremely high income to keep these 3 persons longer time in the premises who has no lease and who are making extreme damage of the property continuously." The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The Supreme Court granted that branch of the defendant's motion.
" On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Blum v Citibank, NA, 162 AD3d 631, 632, quoting Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704; see Leon v Martinez, 84 NY2d 83, 87; Attallah v Milbank, Tweed, Hadley & McCloy, LLP, 168 AD3d 1026, 1027-1028; Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C., 159 AD3d 683, 684). Here, according the plaintiff the benefit of every possible inference, the complaint fails to allege facts that would constitute a legally cognizable cause of action. Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court