■ Josephine Cotroneo, Individually and as Parent and Natural Guardian of Thomas Cotroneo, Respondent, v Ralph Sabatino, Appellant. —Judgment unanimously reversed, on the law and facts, and complaint dismissed, without costs. Memorandum: Plaintiff alleges in her complaint that the infant plaintiff Thomas Cotroneo was operating a snow blower belonging to defendant Ralph Sabatino on January 13, 1969. Infant plaintiff, 17 years of age, and defendant had worked out an agreement whereby plaintiff would plow out defendant's driveway in exchange for use of defendant's garage to park plaintiff's car. In the course of operating the snow blower, the machine became clogged and in attempting to remove the clogged snow plaintiff lost two fingers. Plaintiff infant had used defendant's snow blower to clean defendant's driveway one or two times prior to the date of the accident. Defendant had never used the snow blower himself. No charge of defect in the manufacture or maintenance of the machine was made and the sole allegation of negligence on the part of the defendant was based upon defendant's failure to instruct plaintiff upon the safe and proper operation of the snow blower. The evidence is uncontradicted that the defendant was not knowledgeable as to the operation of the snow blower and possessed no peculiar knowledge with respect to any danger in connection with its operation that he should have imparted to the plaintiff. In the absence of proof that defendant had knowledge of some foreseeable danger in the operation of the machine for the use for which the machine was supplied, no liability in negligence is chargeable to defendant (see *Alfieri v Cabot Corp.,* 17 AD2d 455, affd 13 NY2d 1027 2d, Restatement, Torts, § 388). Even were defendant held to the duty of a manufacturer of the chattel, there is no duty to take special precautions to protect a probable user from obvious danger (see, *Meyer v Gehl Co.,* 36 NY2d 760). Upon the record the verdict against the defendant cannot be sustained. (Appeal from judgment of Onondaga Supreme Court, in negligence action.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.