■ TIZIANA ZARA, Appellant, v MILOS PERZAN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered May 2, 1990, which, upon a trial ruling granting the defendants' motion for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against her.

Ordered that the judgment is affirmed, with costs.

This appeal involves a 24-year-old plaintiff, a native of Italy, who lost two fingers while trying to remove a grass-catching bag from a gas-powered lawnmower. The plaintiff asserts that the defendants, the mother and father of her ex-husband, coerced her into mowing the lawn as part of an arrangement whereby she was living rent free in their home. The plaintiff also asserts that the defendants knew that she did not know how to operate a lawnmower and that, by providing one to her with full knowledge of her ignorance, they committed the tort of negligent entrustment *(see,* Restatement [Second] of Torts

§ 390). At the trial, the Supreme Court granted a motion for a judgment as a matter of law after the close of the plaintiff's case. We now affirm.

Viewing the evidence in a light most favorable to the plaintiff *(see, Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366), we are convinced that no rational process would lead to a verdict in her favor. The New York cases which discuss the tort of negligent entrustment all indicate that the defendant must either have some special knowledge concerning a characteristic or condition peculiar to the plaintiff which renders the plaintiff's use of the chattel unreasonably dangerous *(see, e.g., Golembe v Blumberg,* 262 App Div 759 [car given to epileptic son]; *Splawnik v Di Caprio,* 146 AD2d 333 [gun store owner retrieved and loaded pistol for woman he knew to be severely depressed]) or some special knowledge as to a characteristic or defect peculiar to the chattel which renders it unreasonably dangerous *(see, e.g., Snyder v Kramer,* 94 AD2d 860, *affd* 61 NY2d 961 [horse known by the defendant to be highstrung, quick, and dangerous given to inexperienced rider without a saddle]). In the case at bar, not only was the lawnmower not defective, but also, the plaintiff, although not knowledgeable about the use of the lawnmower, had no peculiar characteristic or condition which rendered her use of it unusually or unreasonably dangerous. No case law supports the plaintiff's implicit assertion that the mere superior knowledge of the lawnmower by the defendants is sufficient to make out the tort of negligent entrustment *(see, Cotroneo v Sabatino,* 50 AD2d 1081, *affd* 41 NY2d 848). Therefore, the plaintiff failed to make out a prima facie case. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.