■ JORGE HERNANDEZ, Respondent, v HECTOR SANCHEZ et al., Appellants. [836 NYS2d 577]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about July 3, 2006, which denied

defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff, an employee of nonparty grocery provider Fresh Direct, LLC, was injured while loading a truck owned by defendant HUB Truck Rental Corp. (HUB) and leased by defendant U.T.F. Trucking Inc. (U.T.F.), when defendant Hector Sanchez, a U.T.F. employee, pulled the truck away from the loading platform, causing plaintiff to lose his balance and fall. Plaintiff received workers' compensation from Fresh Direct, and in December 2005 he commenced this personal injury action.

The only basis for a claim against HUB is Vehicle and Traffic Law § 388, which imposes vicarious liability upon the lessor of a vehicle for the negligence of the driver. However, 49 USC § 30106, the "Graves Amendment," bars State law vicarious liability actions commenced on or after August 10, 2005, against owners of motor vehicles "engaged in the trade or business of renting or leasing motor vehicles," such as HUB (see *Williams v White*, — AD3d —, 2007 NY Slip Op 02227 [2007]; *Jones v Bill*, 34 AD3d 741 [2006]).

Fresh Direct and U.T.F. are owned by the same parent, Fresh Direct Holdings, Inc., and all three entities have the same officers and members of the board of directors. Both Fresh Direct and U.T.F. operate out of the same premises, use the same computer and telephone systems, are covered by the same insurance policies, and otherwise function as one in their day-to-day operations. The trucks of both Fresh Direct and U.T.F. bear a "FRESHDIRECT" logo and their employees wear uniforms with a "FreshDirect" logo; U.T.F. personnel identify themselves as "Fresh Direct" employees when making deliveries. The employees of both companies use the same employee manual, and the same hiring, payroll change, and evaluation forms, attend the same holiday parties and other employee events, and are covered by the same 401-K plan and medical, dental, workers' compensation, and disability insurance. Fresh Direct personnel process the payroll for both companies, and provide human resources, employee benefits, customer services, and accounting services for both. Employees of U.T.F. are required to follow orders given by Fresh Direct managers. Since Fresh Direct, plaintiff's employer, and U.T.F. functioned as one company, plaintiff's claims against U.T.F. are barred by the exclusive remedy of Workers' Compensation Law § 11 (see *Ramnarine v Memorial Ctr. for Cancer & Allied Diseases*, 281 AD2d 218 [2001]).

Defendant Hector Sanchez is an employee of U.T.F., and

therefore a fellow employee of plaintiff, immune from suit under Workers' Compensation Law § 29 (6). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.