■ DAVID BYRNE, as Administrator of the Estate of ELIZABETH BYRNE, Deceased, Respondent, v JAMES COLLINS et al., Defendants, and BUDGET TRUCK TRUST I WILMINGTON TRUST Co. et al., Appellants. [910 NYS2d 449]—

In an action, inter alia, to recover damages for personal injuries, the defendants Budget Truck Trust I Wilmington Trust Co. and Budget Rent-A-Car System, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated November 24, 2009, as denied that branch of their motion, made jointly with the defendants Perfect Car Rental, doing business as Budget Truck Rental, and Budget Truck Rental, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Budget Truck Trust I Wilmington Trust Co. and Budget Rent-A-Car System, Inc., is granted.

The plaintiff's decedent was fatally injured when, while riding a bicycle, she was struck by a truck. At the time of the accident, the defendant Budget Truck Trust I Wilmington Trust Co. (hereinafter Budget Truck Trust) was the titled owner of the truck and the defendant Budget Rent-A-Car System, Inc. (hereinafter Budget Rent-A-Car, together the appellants), was the registered owner. On the morning of the day of the accident, Michael James, a person employed as an assistant supervisor for the defendant JBG Trucking (hereinafter JBG), had rented the truck involved in the accident from Perfect Car Rental, doing business as Budget Truck Rental (hereinafter Perfect Rental), a company that operated as a dealer for the defendant Budget Truck Rental, LLC (hereinafter Budget, LLC). At the time of the accident, the truck was being driven by the defendant James Collins, a part-time employee of JBG.

The decedent's brother, on behalf of himself and the decedent's estate, commenced this action against the appellants, among others, to recover damages for wrongful death and personal injuries, alleging, inter alia, negligent entrustment. The second cause of action, which alleged negligent entrustment, asserted, in effect, that Perfect Rental's counter agent Saul Friedman negligently entrusted the truck to Collins by

failing to thoroughly review the driving and criminal history which led to the restriction of Collins' license to a class C driver's license and, further, that there was readily observable evidence of Collins' drug use on the day of the rental and accident.

To establish a cause of action under a theory of negligent entrustment, "the defendant must either have some *special knowledge concerning a characteristic or condition peculiar to the [person to whom a particular chattel is given]* which renders [that person's] use of the chattel unreasonably dangerous . . . or some special knowledge as to a characteristic or defect peculiar to the chattel which renders it unreasonably dangerous" (*Cook v Schapiro*, 58 AD3d 664, 666 [2009], quoting *Zara v Perzan*, 185 AD2d 236, 237 [1992]).

The appellants made a prima facie showing of entitlement to judgment as a matter of law on the second cause of action insofar as asserted against them by demonstrating that the rental truck they owned was not negligently entrusted to Collins. They submitted, inter alia, transcripts of deposition testimony of Collins, Michael James, and Friedman, as well as Budget, LLC's dealer manager Natalie Brown, which collectively established, prima facie, that, although not required to do so by any internal policies when dealing with business accounts such as JBG's, Perfect Rental's counter agent Friedman nonetheless verified that Collins had a restricted, yet valid, driver's license on the morning of the rental and accident. Furthermore, the testimony of Collins and of Michael James established, prima facie, that Collins had not used drugs the day of the accident.

In opposition thereto, the plaintiff submitted, inter alia, an abstract of Collins' driving record, which showed that he indeed had a restricted, yet valid, class C driver's license on the day of the rental and accident. The plaintiff also included excerpts of deposition transcripts of Collins and Michael James, which failed to support his conclusory and speculative assertion that Collins may have been under the influence of drugs on the day of the rental and accident. These submissions were insufficient to raise a triable issue of fact as to whether or not the appellants possessed special knowledge concerning a characteristic or condition peculiar to Collins that rendered his use of the truck unreasonably dangerous. Thus, the negligent entrustment cause of action should have been dismissed insofar as asserted against the appellants (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the plaintiff's contention, the appellants' failure

to provide copies of any internal policies as to investigation of potential renters with restricted licenses constitutes an insufficient basis upon which to deny their motion for summary judgment. Even if such a policy had been violated, under the circumstances of this case, such violation would not constitute actionable negligence (*see Lambert v Bracco*, 18 AD3d 619, 620 [2005]; *Newsome v Cservak*, 130 AD2d 637, 638 [1987]).

The first cause of action, which was based on the alleged vicarious liability of the appellants, was barred under the Graves Amendment (49 USC § 30106), as the appellants showed they are "owner[s] . . . engaged in the trade or business of renting or leasing motor vehicles" (49 USC § 30106; *see Gluck v Nebgen*, 72 AD3d 1023 [2010]), and should also have been dismissed.

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of this determination.

Accordingly, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants should have been granted. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur. **[Prior Case History: 25 Misc 3d 1232(A), 2009 NY Slip Op 52395(U).]**