■ GENA BURRELL, Appellant, v PAULA A. BARREIRO, Defendant, and NILT, INC., Respondent. [922 NYS2d 465]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Nelson, J.), entered January 15, 2010, which, upon an order of the same court dated October 29, 2009, granting the motion of the defendant NILT, Inc., to dismiss the complaint insofar as asserted against it, is in favor of NILT, Inc., and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

On March 22, 2006, the defendant Paula A. Barreiro entered into an agreement to lease a 2006 Nissan Altima from Westbury

Nissan, LLC (hereinafter the dealership), for a period of 39 months. The dealership immediately assigned the lease to Nissan-Infiniti LT (hereinafter Infiniti), which is in the business of leasing motor vehicles. Upon assignment of the lease, the defendant NILT, Inc. (hereinafter NILT), the managing trustee of Infiniti, became the record title holder of the leased vehicle. Approximately one month later, Barreiro was driving the leased vehicle when she struck a vehicle owned and driven by the plaintiff Gena Burrell. Shortly after the accident, the plaintiff commenced this personal injury action against Barreiro and NILT seeking, in part, to hold NILT vicariously liable for Barreiro's allegedly negligent operation of the leased vehicle based on its status as title holder. NILT subsequently moved to dismiss the complaint insofar as asserted against it based upon the Graves Amendment (49 USC § 30106 [a] [1]), which bars State law vicarious liability actions commenced after August 10, 2005, against motor vehicle owners "engaged in the trade or business of renting or leasing motor vehicles." The Supreme Court granted NILT's motion, and thereafter entered a judgment in favor of NILT dismissing the complaint insofar as asserted against it. We affirm.

Contrary to the plaintiff's contention, NILT established that it was entitled to the protection of the Graves Amendment through the affidavit of an employee of its servicing agent, Nissan Motors Acceptance Corporation. The servicing agent's employee had sufficient personal knowledge to authenticate the lease for the subject vehicle, which was annexed to his affidavit (see DeLeon v Port Auth. of N.Y. & N.J., 306 AD2d 146 [2003]), and to demonstrate that NILT, in its capacity as trustee for Infiniti, was an "owner (or an affiliate of the owner) . . . engaged in the trade or business of renting or leasing motor vehicles" (49 USC § 30106 [a] [1]; see Byrne v Collins, 77 AD3d 782 [2010]; Gluck v Nebgen, 72 AD3d 1023 [2010]; Hernandez v Sanchez, 40 AD3d 446, 447 [2007]). Accordingly, to the extent that the complaint sought to hold NILT vicariously liable for Barreiro's allegedly negligent operation of the leased vehicle based solely on its ownership of the vehicle, such a claim was barred by the Graves Amendment (see Byrne v Collins, 77 AD3d 782 [2010]; Gluck v Nebgen, 72 AD3d 1023 [2010]; Graham v Dunkley, 50 AD3d 55 [2008]; Hernández v Sanchez, 40 AD3d at 447).

The Supreme Court also properly concluded that NILT could not be held liable on a negligent entrustment theory. NILT demonstrated that Barreiro leased the subject vehicle from the dealership rather than from NILT, and the plaintiff did not al-

lege that NILT played a role in the dealership's decision to lease the vehicle to her. Moreover, even if NILT had been involved in the decision to lease the vehicle to Barreiro, the plaintiff failed to allege that NILT possessed special knowledge concerning a characteristic or condition peculiar to Barreiro that rendered her use of the leased vehicle unreasonably dangerous (*see Byrne v Collins*, 77 AD3d 782 [2010]; *Cook v Schapiro*, 58 AD3d 664, 666 [2009]; cf. *Pacho v Enterprise Rent-A-Car Co.*, 572 F Supp 2d 341, 352 [2008]).

The plaintiff's remaining contentions are without merit. Covello, J.P., Florio, Eng and Chambers, JJ., concur.