Pizarro v Dennis James Boyle, Inc. (2020 NY Slip Op 01299)





Pizarro v Dennis James Boyle, Inc.


2020 NY Slip Op 01299


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Moulton, González, JJ.


11124 102474/11 590006/12

[*1] John Pizarro, Plaintiff,
v
Dennis James Boyle, Inc., et al., Defendants.
Dennis James Boyle, Inc. Third-Party Plaintiff-Appellant,
v
Complete Copper Works, Inc. Third-Party Defendant-Respondent.


Gorton & Gorton, LLP, Garden City (John T. Gorton of counsel), for appellant.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York (Kevin L. Kelly of counsel), for respondent.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered March 20, 2019, which, to the extent appealed from as limited by the briefs, granted third-party defendant's (Complete Copper) motion to dismiss the third-party complaint, and denied third-party plaintiff's (Boyle) cross motion to strike the affirmative defense based on the Workers' Compensation Law, unanimously affirmed, without costs.
The motion court providently exercised its discretion in considering the special employment and alter ego arguments raised by Complete Copper for the first time in its reply papers, having given Boyle the opportunity to respond to Complete Copper's arguments by way of a sur-reply and a motion for summary judgment (see Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006]; see also Sally v Keyspan Energy Corp., 106 AD3d 894, 896 [2d Dept 2013], lv denied 22 NY3d 860 [2014]).
Complete Copper established prima facie that it is entitled to the protections of Workers' Compensation Law § 29(6) by showing that it is the alter ego of nonparty Norske, Inc., which was named as plaintiff's employer in his Workers' Compensation claim and paid his benefits (see Paulino v Lifecare Transp., 57 AD3d 319, 319 [1st Dept 2008]; Hernandez v Sanchez, 40 AD3d 446 [1st Dept 2007]; see also Carty v East 175th St. Hous. Dev. Fund Corp., 83 AD3d 529, 529 [1st Dept 2011]). Complete Copper submitted evidence that it and Norske shared a president and sole owner, office staff, office space, and insurance policies, that Norske owned the equipment used by Complete Copper, and that Norske's president and owner generated the work invoices and obtained insurance coverage on behalf of Complete Copper.
In opposition, Boyle failed to raise an issue of fact.
We have considered Boyle's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK