| |
|---|
| **Bin Chan v Burns** |
| 2024 NY Slip Op 30505(U) |
| February 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452172/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:        **HON. HASA A. KINGO**        PART        **05M**

*Justice*

-------------------------------------------------------------------------------X

BIN CHAN,

                Plaintiff,

- v -

JEROME M. BURNS, ARROW CARS, NEW YORK CITY
POLICE DEPARTMENT

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452172/2019 |
| MOTION DATE | 11/15/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for                DISMISS          .

Defendant ARROW CARS LTD. i/s/h/a ARROW CARS a/k/a ARROW RENT (hereinafter referred to as "ARROW") moves, unopposed, for an order, pursuant to CPLR § 3211 (a)(7), dismissing plaintiff BIN CHAN's ("plaintiff") summons and amended complaint as against it on the basis of plaintiff's claims against defendant ARROW being barred pursuant to 49 U.S.C § 30106 as an improper party to the action under the Graves Amendment.

This is a personal injury action arising from a motor vehicle accident on January 3, 2017, at the intersection of Henry Street and Pikes Street, New York, NY. ARROW was the lessor of a 2015 Honda Civic under license plate number GZT9761, Vin # 19XFB2F52FE281706. ARROW was the owner of the vehicle involved in the incident and leased by the NYC Police Department.

It is undisputed that ARROW was not a negligent party to this action as it was merely the titled owner of the subject vehicle. The sole issue, therefore, is whether ARROW may be amenable to vicarious liability under Vehicle and Traffic § 388.

**452172/2019   CHAN, BIN vs. BURNS, JEROME M.**
**Motion No.  002**

**Page 1 of 4**

[* 1]

INDEX NO. 452172/2019

RECEIVED NYSCEF: 02/15/2024

The Graves Amendment, regarding rented or leased motor vehicle safety and responsibility, bars vicarious liability actions against professional lessors and renters of vehicles, as would otherwise be permitted under Vehicle and Traffic Law § 388 (*Gluck v Nebgen*, 72 AD3d 1023 [2d Dept 2010]; *Graham v Dunk'ley*, 50 AD3d 55 [2d Dept. 2008]; *Hernandez v. Sanchez*, 40 AD3d 446 [1st Dept. 2007]).

In the instant case, it is undisputed that the vehicle at issue is a leased vehicle. ARROW submits the affidavit of Gary Stempa, claims specialist for ARROW, stating that the company engaged in leasing motor vehicles pursuant to lease agreements. The affidavit states that on November 18, 2016, the New York City Police Department signed a rental agreement as lessee with Arrow Rent as lessor. Further, since defendant/operator, Jerome M. Burns, is a police officer and not an employee of ARROW or acting pursuant to its instructions, the first element of 49 U.S.C. § 30106 is satisfied.

In addition, a review of the complaint does not reveal any specific claims of negligence against ARROW. The only claim of negligence against ARROW is a general claim against all defendants. Plaintiff's alleged claims against ARROW are for vicarious liability only. Accordingly, the second element of 49 U.S.C. § 30106 is satisfied.

Likewise, the Transportation Equity Act of 2005 contains an amendment that overrides and negates state's vicarious liability for companies that lease and/or rent motor vehicles. As such, and pursuant to the statute, any matter filed after August 10, 2005 is subject to this provision. Since the action was commenced on or about December 29, 2017, it is barred by that statute.

The plain language of the statute that 49 U.S.C. §30106, barring vicarious liability for leased vehicles, expressly preempts New York State Vehicle and Traffic Law §388. The application of the Graves Amendment further dictates that entities engaged in the trade or business

[* 2]

or renting/leasing of motor vehicles, such as ARROW, shall not be held liable for damages in the absence of any negligence or criminal wrongdoing. Actions such as this, based solely on vicarious liability, are therefore barred.

As ARROW is not a proper party to this action and is entitled to the protection from vicarious liability claims pursuant to 49 U.S.C. § 30106, the complaint against ARROW must be dismissed.

Moreover, ARROW did not negligently entrust the operator of the motor vehicle. To state a claim for negligent entrustment, "the defendant must either have some special knowledge concerning a characteristic or condition peculiar to the person to whom a particular chattel is given which renders that person's use of the chattel unreasonably dangerous" (*see Byrne v. Collins*, 77 AD3d 782, 784 [2nd Dept 2010]).

To state a cause of action for negligent entrustment, plaintiff must establish that defendant ARROW had control over the vehicle and was negligent in entrusting it to a third party when ARROW knew, or in the exercise of ordinary care should have known, that the third-party was incompetent to operate the vehicle (*see Bennett v. Geblein*, 71 AD96, 99 [4th Dept 1979]).

Here, ARROW presented Gary Stempa's affidavit in support of the proposition that it is engaged in the business of leasing vehicles, that the vehicle was operated pursuant to a lease agreement, that the licensed operator was not an employee of ARROW and that there were no mechanical issues with the leased vehicle in question which was not in the dominion or control of ARROW. The 2015 Honda Civic under New York license plate number GZT9761 was a leased vehicle and regularly serviced for mechanical upkeep.

Accordingly, as there are no triable issues of fact to be determined in this matter as to ARROW, the pre-emption of VTL § 388 and the federal statute 49 U.S.C. § 30106 bars any finding

**452172/2019   CHAN, BIN vs. BURNS, JEROME M.**
  **Motion No.  002**

**Page 3 of 4**

[* 3]

of vicarious liability as to ARROW. As such, plaintiff's amended summons and complaint must be dismissed as against ARROW pursuant to 49 U.S.C. § 30106 on the grounds that ARROW is not a proper party under the Graves Amendment.

Accordingly, it is hereby

ORDERED that ARROW's unopposed motion is granted in its entirety; and it is further

ORDERED that plaintiff's amended summons and complaint is dismissed as against ARROW pursuant to 49 U.S.C. § 30106 on the grounds that ARROW is not a proper party under the Graves Amendment.

This constitutes the decision and order of the court.

|  |  |
|---|---|
| **2/15/2024** | |
| **DATE** | **HASA A. KINGO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**452172/2019   CHAN, BIN vs. BURNS, JEROME M.**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]