Second Child v Edge Auto, Inc. (2025 NY Slip Op 01432)

Second Child v Edge Auto, Inc.

2025 NY Slip Op 01432

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 804034/23|Appeal No. 3239|Case No. 2023-05393|

[*1]Second Child, et al., Plaintiffs-Appellants,
v
Edge Auto, Inc., et al., Defendants-Respondents.

Vogrin & Frimet, LLP, New York (Walter D. Santiago, Jr. of counsel), for appellants.
Masiakos, Mercurio & Associates PC, Garden City (Eric D. Mercurio of counsel), for respondents.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about September 25, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment seeking a declaratory judgment, unanimously affirmed, without costs.
Plaintiffs rented a vehicle from its owner, defendant Edge Auto, Inc. A nonparty commenced an action against plaintiffs seeking damages arising out of a traffic accident involving their operation of the rented vehicle. Plaintiffs filed a third-party complaint against Edge Auto and its insurer seeking a judgment declaring, among other things, that Edge Auto was statutorily obligated to provide insurance to plaintiffs on a primary non-contributory basis pursuant to Vehicle and Traffic Law § 370; that Edge Auto or its insurance company were required to undertake the defense and indemnity obligations of plaintiffs in the underlying action; and that Edge Auto was prohibited from seeking indemnification from plaintiffs or their insurer for amounts up to the statutory minimums imposed by Vehicle and Traffic Law § 370. After defendants answered, plaintiffs moved for summary judgment seeking substantially the same relief requested in the third-party complaint. Supreme Court correctly denied plaintiffs' motion.
Vehicle and Traffic Law § 370 provides that rental car companies "shall file with the commissioner of motor vehicles . . . evidence of . . . a corporate surety bond or policy of insurance" (Vehicle and Traffic Law §§ 370[1], [3]). "Any such bond or insurance policy shall inure to the benefit of any person legally operating the motor vehicle" (id.). The Court of Appeals has interpreted the "shall inure to the benefit" language of Vehicle and Traffic Law § 370 to "require[] rental car companies to provide primary insurance to their renters up to the minimum liability limits provided by the statute" (ELRAC, Inc. v Ward, 96 NY2d 58, 78 [2001]). Ward holds that rental car companies "may not seek indemnification for amounts up to the minimum liability requirements" (id. at 73).
After the Court of Appeals decided Ward in 2001, the U.S. Congress enacted the Graves Amendment (49 USC § 30106) in 2005. The Graves Amendment's operative provision, the preemption clause, states:
"An owner of a motor vehicle that rents or leases the vehicle to a person . . . shall not be liable under the law of any State . . . , by reason of being the owner of the vehicle . . . , for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of rental or lease, if  (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrongdoing on the part of the owner . . . ." (49 USC § 30106[a]).
The Amendment contains a savings clause, titled "Financial responsibility laws," which provides:
"Nothing in this section supersedes the law of any State . . .  (1) imposing financial [*2]responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or (2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law" (49 USC § 30106[b]).
Plaintiffs argue that the Graves Amendment does not supersede Vehicle and Traffic Law § 370 as interpreted by Ward. They effectively concede that the plain language of the preemption clause bars liability against Edge Auto (see 49 USC § 30106[a]). Their argument instead rests on the savings clause, contending that Vehicle and Traffic Law § 370, as interpreted by Ward, is a financial responsibility law and thus not superseded (see 49 USC § 30106[b]).
We conclude that the Graves Amendment does not supersede Vehicle and Traffic Law § 370 insofar as it is a state law that requires rental car companies to carry a specified minimum amount of insurance for each of their vehicles (see id.; Vehicle and Traffic Law § 370[1][b], [3]; 37 S. Fifth Ave. Corp. v Dimensional Stone & Tile, 58 Misc 3d 56, 59 [App Term, 2d Dept 2017]).
However, Vehicle and Traffic Law § 370 is superseded to the extent it requires a rental car company to "provide primary insurance to their renters up to the minimum liability limits provided by the statute" (Ward, 96 NY2d at 78; see 49 USC § 30106[a]; Dimensional, 58 Misc 3d at 59-60; see also Subrogation Division Inc. v Brown, 446 F Supp 3d 542, 552-553 [D SD 2020]). Requiring defendants to primarily insure and indemnify plaintiffs' damages is the precise result barred by the Graves Amendment (see 49 USC § 30106[a]; Brown, 446 F Supp 3d at 553).
Plaintiffs argue that the Graves Amendment only supersedes statutes imposing vicarious liability (see e.g. Vehicle and Traffic Law § 388; Hernandez v Sanchez, 40 AD3d 446, 447 [1st Dept 2007]), not statutes mandating primary coverage. This is a distinction without a difference. Rental car companies "shall not be liable" under New York State law for damages incurred by renters (49 USC § 30106[a]). The form in which state law attempts to impose vicarious liability, whether under vicarious liability statutes or under primacy of insurance coverage statutes, does not matter (see Brown, 446 F Supp 3d at 553). To hold otherwise would rescue every vicarious liability claim up to statutory minimum insurance amounts and render the Graves Amendment's preemption clause a nullity (see Dimensional, 58 Misc 3d at 59-60; see generally Garcia v Vanguard Car Rental USA, Inc., 540 F 3d 1242, 1248 [11th Cir 2008]).
Additionally, Vehicle and Traffic Law § 370 does not reverse preempt the Graves Amendment under the McCarran-Ferguson Act (15 USC § 1012[b]). The New York State Legislature, in subjecting rental car companies to the requirements of Vehicle and Traffic Law § 370, "sought to ensure that rental cars — when operated by renters — were [*3]covered by a minimum amount of insurance" (Ward, 96 NY2d at 75 [emphasis omitted]). Vehicle and Traffic Law § 370 ensures that rental car companies "will be financially capable of covering a statutorily specified minimum amount of damage for the types of liability which continue even following the passage of the Graves Amendment, i.e., when the liability is based on the [rental car companies'] own negligence or criminal wrongdoing" (Dimensional, 58 Misc 3d at 59).
Accordingly, the Graves Amendment does not entirely "invalidate, impair, or supersede" Vehicle and Traffic Law § 370 and Vehicle and Traffic Law § 370 does not reverse preempt the Graves Amendment under the McCarran-Ferguson Act (see Matter
of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA, 26 NY3d 659, 670 [2016], citing 15 USC § 1012[b]; Humana Inc. v Forsyth, 525 US 299, 307 [1999]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025